**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| **JIANGSU SENMAO BAMBOO AND WOOD INDUSTRY CO., LTD., ET AL,**<br><br>　　　　　　　Plaintiffs,<br><br>and<br><br>**FINE FURNITURE (SHANGHAI) LIMITED, ET AL,**<br><br>　　　　　　　Plaintiff-Intervenors,<br><br>and<br><br>**BAROQUE TIMBER INDUSTRIES (ZHONGSHAN) CO., LTD., ET AL,**<br><br>　　　　　　　Consolidated Plaintiffs,<br><br>v.<br><br>**UNITED STATES,**<br><br>　　　　　　　Defendant,<br><br>and<br><br>**AMERICAN MANUFACTURERS OF MULTILAYERED WOOD FLOORING,**<br><br>　　　　　　　Defendant-Intervenor. | **Before: Timothy M. Reif, Judge**<br><br>**Consol. Court No. 20-03885** |

## JUDGMENT

This case concerns the challenge to the final results of the U.S. Department of Commerce ("Commerce") in its administrative review of the countervailing duty order on multilayered wood flooring from the People's Republic of China. *See* Compl., ECF No.

12; *see also Multilayered Wood Flooring from the People's Republic of China: Final Results and Partial Recission of Countervailing Duty Administrative Review*, 85 Fed. Reg. 76,011 (Dep't of Commerce Nov. 27, 2020) and accompanying Issues and Decision Memorandum.

On March 24, 2025, the Court sustained in part and remanded in part certain aspects of Commerce's Final Results and Second Remand Results. *See Jiangsu Senmao Bamboo and Wood Industry Co., Ltd. et al v. United States,* 49 CIT __, 769 F. Supp. 3d 1344 (2025). The Court remanded this matter to Commerce to: (1) select Jiangsu Senmao for examination as a mandatory respondent; (2) reconsider its decision to include data from HS category 4412.99 in its plywood for less then adequate remuneration ("LTAR") benchmark calculation; and (3) explain further its reasoning or provide alternatively Jiangsu Guyu the opportunity to submit additional benchmark data with respect to the veneers for LTAR program. *Jiangsu Senmao*, 49 CIT at __, 769 F. Supp. 3d at 1409.

On remand, Commerce added Jiangsu Senmao as a mandatory respondent in the underlying administrative review. Final Results of Redetermination Pursuant to Court Remand at 8, ECF No. 168. Additionally, Commerce revised the benchmark calculation for the provision of plywood for LTAR program to remove HS category 4412.99 and calculated the new subsidy rate for Baroque Timber to be 9.35 percent ad valorem. *Id*. at 11-12. Last, Commerce provided an explanation of the suitability of the benchmark data on the record for the provision of veneer for LTAR program to describe Jiangsu Guyu's purchases of poplar core sheet. *Id*. at 12-15.

The only comments on the remand redetermination of Commerce were those by consolidated plaintiffs and plaintiff-intervenors Fine Furniture (Shanghai) Limited and Double F Limited. Their comments state that per the remand redetermination "[Commerce] properly selected [Jiangsu Senmao] as an additional respondent for individual examination" and that "Commerce's exclusion of HS 4412.99 from the benchmark calculation for plywood for [LTAR] program of [Baroque Timber] is supported by substantial evidence." *Id*. at 16-17. No other party objected to the remand redetermination, and no additional briefing was requested by any party.

This case having been submitted for decision and there being no remaining issues to adjudicate, judgment is entered sustaining Commerce's remand determination. Now, after due deliberation, it is hereby:

**ORDERED** that Commerce's remand redetermination is **SUSTAINED**.

/s/     Timothy M. Reif
Timothy M. Reif, Judge

Dated: September 11, 2025
           New York, New York